```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

MICHAEL L. RICCA                              CIVIL ACTION

VERSUS                                        NO: 07-6924

STATE FARM FIRE & CASUALTY                    SECTION: J(3)
COMPANY, ET AL

## ORDER AND REASONS

Before the Court is Defendants **State Farm Fire and Casualty Company and Louis T. D'Angelo's Motion for Summary Judgment (Rec. Doc. 10).** Defendant State Farm Fire and Casualty ("State Farm"), a Write-Your-Own Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"), claims that Plaintiff is not entitled to recover any U.S. Treasury benefits pursuant to his Standard Flood Insurance Policy ("SFIP") because Plaintiff failed to comply with the SFIP's conditions precedent to the recovery of U.S. Treasury funds, specifically, Plaintiff failed to file a timely, signed, and sworn proof of loss. Furthermore, Defendants argue that Plaintiff's claims against his agent, Louis T. D'Angelo, are perempted as a matter of law pursuant to La. R.S. 9:5606.

This motion, which is opposed, was set for hearing on July 23, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendants' motion should granted.

## Background Facts

Plaintiff's lawsuit arises out of flooding caused by Hurricane Katrina. Plaintiff submitted a claim for benefits under his SFIP to State Farm for flood damages to his property located in Lacombe, Louisiana. State Farm tendered funds to Plaintiff following its review of the adjuster's report. Believing he was entitled to additional payments under his SFIP, Plaintiff filed suit.

## The Parties' Arguments

State Farm claims that Plaintiff is not entitled to recover any U.S. Treasury benefits pursuant to his SFIP because Plaintiff failed to comply with the SFIP's conditions precedent to the recovery of U.S. Treasury funds. Namely, Plaintiff not only failed to timely submit a signed and sworn proof of loss, but he also failed to file suit within one year of the written denial of his claim as required pursuant to Article VII(R) of the SFIP and federal law.

Defendants also argue that Plaintiff's claims against State Farm agent D'Angelo are perempted as a matter of law pursuant to La. R.S. 9:5606. Plaintiff's SFIP was procured in January 1998.

The instant lawsuit was filed on August 28, 2007, which Defendants argue is clearly more than the three year peremptive period provided for in La. R.S. 9:5606.  Furthermore, even if not perempted, Defendants argue that Plaintiff cannot state a claim against D'Angelo, as Louisiana law does not impose a duty upon an insurance agent to spontaneously identify a client's needs and advise him whether he is underinsured or carries the correct type of insurance.  See Dobson v. Allstate Insurance Co., No. 06-252, 2006 WL 2078423 (E.D. La. July 21, 2006).

In opposition, Plaintiff argues that material issues of fact exist as to whether State Farm waived the proof of loss requirement based on its continuous adjustment and repeated denial of Plaintiff's claim, whether the Federal Emergency Management Agency ("FEMA") waived the proof of loss requirement, whether State Farm received any proof of loss, whether Plaintiff's complaint was a sufficient proof of loss, and whether Plaintiff detrimentally relied on State Farm's ongoing adjustment of his claims without requiring a traditional proof of loss form. In addition, Plaintiff argues that State Farm's misrepresentation of Plaintiff's NFIP policy documents made State Farm and its representatives liable to Plaintiff for all damages and results in a setting aside of any defense of prescription.[1]

---

[1] Plaintiff explains that D'Angelo originally charactered Plaintiff's home as a two-story, non-elevated, single family dwelling.  State Farm insured Plaintiff's home as described by

**Discussion**

Under Federal Emergency Management Agency ("FEMA") regulations, strict adherence is required to all terms of the SFIP.  44 C.F.R. §§ 61.13(a), (d), (e).  The SFIP provides that within 60 days after the loss (or within any extension authorized by FEMA), the claimant must file a signed and sworn Proof of Loss listing . . . (1) "the actual cash value . . . of each damaged item of insured property . . . and the amount of damages sustained," and (2) "the amount ... claim[ed][as] due under [the] policy to cover the loss . . . ."  Id.; 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶ J(3).  Forman v. Federal Emergency Management Agency, 138 F.3d 543, 545 (5th Cir. 1998).

The requirements for submitting proof of loss are detailed in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4):

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the

---

D'Angelo.  Then, sometime between January of 2006 and March of 2006, State Farm changed the description of the home from two-story, non-elevated, single family dwelling, to an elevated, one floor, single family dwelling.  State Farm has since refused to compensate Plaintiff for damage to the first floor.

>    loss;
>
>    e. Changes in title or occupancy of the covered property during the term of the policy;
>
>    f. Specifications of damaged buildings and detailed repair estimates;
>
>    g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>
>    h. Details about who occupied any insured building at the time of the loss and for what purpose; and
>
>    I. The inventory of damaged personal property described in J.3.above.

As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.  <u>Gowland</u>, 143 F.3d at 954.

In <u>Gowland</u>, the Court stated "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy."  <u>Id.</u> at 954. Although the Gowlands provided notice of loss through their agent, they never filed a formal proof of loss statement as required by the flood policy.  <u>Id.</u>  As a result, the Court affirmed the grant of the insurer's motion for summary judgment.

More recently, the Fifth Circuit in <u>Richardson v. American Bankers Insurance Company of Florida</u> similarly held that because the plaintiff in that case failed to submit a sworn proof of loss

within one year of the date of his loss, the suit was precluded as a matter of law.  2008 WL 510518 (5th Cir. Feb. 27, 2008).  As a result, the failure of Plaintiff herein to submit a sworn proof of loss is fatal to his action.

As for Plaintiff's claims against D'Angelo, according to La. R.S. 9:5606:

> No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Therefore, under the law, Plaintiff had to file suit within one year from the date of the alleged act, within one year from the date that the alleged act is or should have been discovered, or in any event, within three years from the date of the alleged act.

Louisiana courts have held that peremption begins to run from the date of purchase of the insurance policy.  Holmes v. AAA Ins., No. 06-3837, 2007 WL 3124678, *2 (E.D. La. Oct. 25, 2007); see also Calvin v. Janbar Enters., 856 So. 2d 88, 91 (La. App. 4th Cir. 2003); Bel v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 381-82 (La. App. 1st Cir. 2003).  In this case, it is

6

undisputed that the purchase of Plaintiff's insurance policy occurred over three years prior to Plaintiff's filing of suit. However, Plaintiff argues that the relevant "act" for purposes of La. R.S. 9:5606 occurred in mid-2006 when the description of his home was changed by State Farm, and therefore, Plaintiff argues he did file suit within the relevant three year period.  However, in so arguing, Plaintiff admits that D'Angelo's misrepresentations of the State Farm SFIP provisions became known to him one year and three months before he filed suit.  As such, regardless of the three year peremptive period, Plaintiff's claims against D'Angelo have prescribed under the one-year peremptive period set forth in La. R.S. 9:5606. Accordingly,

**IT IS ORDERED** that Defendants **State Farm Fire and Casualty Company and Louis T. D'Angelo's Motion for Summary Judgment (Rec. Doc. 10)** is hereby **GRANTED**.

New Orleans, Louisiana, this 23rd day of July, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE